VINCENT BARKER, Appellant, *v.* NEILS PAULSON *et al.*,
Respondents.

*Court of Appeals, November* 26, 1889.

Reversing 21 J. & Sp. 542, Mem.

*Trial. Negligence.*—Where, in an action for negligence, the complaint
does not specify at what particular point the accident occurred, the
plaintiff is entitled to go, upon all the evidence, to the jury, and claim
a verdict in his favor whether the accident occurred where he located
it, or where the defendant's witnesses placed it; and a charge or re-
fusal to charge, whose effect was to confine the jury to the finding ·
that it occurred just as claimed by the defendant is erroneous.

Appeal from a judgment of the general term of the
superior court of the city of New York, affirming a judg-
ment in favor of defendants.

*Isaac N. Mills*, for appellant.

*John H. Bird*, for respondents.

POTTER, J.—This is an appeal taken by the plaintiff from
a judgment entered upon the decision rendered by the
general term of the superior court of the city of New York,
which affirmed a judgment entered upon a verdict of a jury
in favor of the defendants, and also affirming an order deny-
ing motion upon the minutes for a new trial.

The action is to recover damages for personal injuries
claimed to have been sustained by the plaintiff through the
negligence of the defendants or their servants and without
any negligence upon plaintiff's part contributing to the
injury.

The plaintiff was the foreman and engaged by the mason
who had the contract for doing the mason work upon the
building known as the School of Mines, belonging to Colum-
bia College, on Fourth avenue, and between 49th and 50th
street in the city of New York.

The defendants were stair builders and were the contractors to put into this building the requisite stairs for its accommodation and use. The building was a new building or one in the process of improvement or rebuilding and was to be used for the department of the college known as the School of Mines.

The accident of which complaint is made occurred on the 11th of October, 1883. It arose in this wise. Between the first and second stories of the building the stairs, which were inclosed in a tower, were broken by a platform into two short sections or flights, for instance, between the basement and first floor the stairs consisted of a lower section of nine steps on the south side of the tower, and then a section or flight of seven steps on the east side of the tower. The stairs were to be of iron except the treads or steps, which were to be of slate. At the time of the accident these stairs were nearly completed throughout the tower, which was at least four stories high.

At and just before the happening of the accident, the building was nearly completed. The frame work of the stairs was placed, and for want of the slate treads, which were to be laid on the stair frames, wooden or board treads were used temporarily.

The plaintiff's principal was the mason who had the contract for doing the mason work of the building.

The negligence complained of consisted in the taking off, or leaving off, some of these wooden treads, which had been removed probably for the purpose of putting slate treads on the stair frames, and the falling of the plaintiff in consequence of the removal and absence of two or three of the board treads.

The plaintiff had ascended these stairs to that portion of the building in which the mason work was going on but a few minutes before the happening of the accident; having ascended for the purpose of looking after the mason work, which was being done above the story where the accident

happened, and at the time of the accident was returning by these two flights, or half flights, of stairs between the museum floor, as it was called, and the basement floor.

The allegation of negligence made by the plaintiff against the defendant is that one or two or three treads had been removed and not replaced, and were out of place when he was descending the stairs ; that it was quite dark, and when he reached that point in coming down the stairs he fell and was more or less injured. The trial occupied several days, and required the testimony of a large number of witnesses, and it is claimed that errors were committed in the reception and rejection of testimony, and in the charge, and to the refusals to charge as requested by plaintiff's counsel.

There are numerous exceptions to the reception and rejection of testimony, and also several exceptions to the charge of the court and refusals to charge. We have deemed it necessary to examine but one of the numerous questions raised by these exceptions, and are satisfied that the judge was in error and that a new trial must be awarded on account of the ruling which withheld from the consideration of the jury the evidence tending to show that the accident occurred upon the lower flight of stairs. There was a dispute or difference between the testimony on the part of the defendants as to the place on the stairs between the basement and the museum stories where the accident occurred, some of the witnesses locating it on the upper part of the second half flight and others on the upper part of the lower half flight. The complaint charged that the negligence consisted in the removal of the treads from the stairs between the museum floor and the basement floor, and that in consequence of the removal at the time when the plaintiff was descending the accident was occasioned. These stairs had been used, the lower half, by the mechanics for some days, in going to and from portions of the building where the work was being done  The upper part of this flight had been used for some days by the professors and

students, and there was evidence tending to show that all the people who had occasion to go about in the building, or from one story to another, used both parts of the stairs between the museum and basement stories.

The complaint did not specify at what particular part of the stairs the accident occurred or the treads had been removed and remained off the stair frames.

The court said to the jury in his charge: " It all comes down to this: that if, upon a consideration of all the facts and circumstances and all the probabilities that bear upon this branch of the case, you should not believe the testimony of the plaintiff and of the witness Mantz, as to the stairs upon which they claim the plaintiff fell, but believe that given on the part of the defense, to the effect that he fell in attempting to go down the basement stairs, you may stop right here and render a verdict for the defendants." To that portion of the charge the plaintiff duly excepted.

The plaintiff also, in writing, requested the court to charge the jury that "if the jury find from the evidence that the plaintiff is honestly mistaken as to the place where he fell, and that, in fact, he fell on the basement flight of stairs; and that such fall was occasioned by the negligence of the defendants' foreman, Cook, in failing to notify the plaintiff, or warn him that the steps on the upper part of said flight had been removed, or to warn him not to attempt to descend said stairs, and, further, if the jury find that at that time people generally having business in the building were suffered and permitted by the defendants or their servant, or servants having charge there for them, to pass over said flight of stairs, and the plaintiff having business in said building was then attempting to go down said stairs, and so fell, without any contributory negligence on his part, and solely through the negligence of the defendants' foreman, Cook, as above stated, and by such fall was injured, the plaintiff is entitled to recover, and the jury should find a verdict in his favor."

The plaintiff also requested the court to charge that "if the jury find from the evidence that the plaintiff fell on any part of the stairs leading from the basement to the first floor, and was thereby injured, and that such fall was caused without any fault or negligence of his own, solely by the negligence of the defendants' servant or foreman, while acting in their employment and in the ordinary discharge of his duty as such, he, the plaintiff, is entitled to recover, whether he so fell on that part of said stairs known as the lower, first or basement flight, or upon the other part thereof known as the upper or second flight." The court refused to charge as above requested, and to his refusal to so charge the plaintiff duly excepted.

The substance of the charge given and excepted to, and of the two requests to charge, and the refusal of the court to charge, amount to this, that the plaintiff was not allowed to go to the jury upon the question whether the accident occurred in any other place or under any other circumstances than those detailed by the defendants and this witness Cook. We think, under the complaint which does not charge at what particular place in the stairs the accident occurred, and upon all the proof in the case in relation to the occurrence of the accident, and the circumstances under which it occurred, the plaintiff was entitled to go to the jury and to claim a verdict from the jury in favor of the plaintiff, whether the accident occurred upon the upper or lower flight, or whether it occurred in the manner described by Cook and others of the defendants' witnesses, or whether it occurred at the time and place and in the manner detailed by the plaintiff's witnesses.

The effect of this ruling of the court, and its refusal to charge the request, was to confine the jury to the finding that the accident occurred just in the manner claimed by the defendants, and not in the manner claimed by the plaintiff. In short, to exclude from their consideration the evidence which tended to prove that the accident occurred

upon the lower flight, and confine the jury to the considera-
tion of the upper flight as the scene of the accident. We
do not intend to hold or indicate what the weight of evi-
dence was in respect to the two places assigned for the acci-
dent, nor to indicate that there was not a preponderance in
favor of the theory of the defendants' witnesses, but merely
to indicate that there was evidence in the case, and the
pleadings were broad enough to warrant the jury in finding,
that the accident occurred where the plaintiff and his wit-
ness located it.

For this error we think the judgment should be reversed
and a new trial granted, with costs to abide event.

All concur.